UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HORSEPLAY INFLATABLES, LLC, *a Florida limited liability company*,

Plaintiff,

v. Case No: 8:25-cv-03477-JLB-NHA

NINO JOSEPH RUISI, III,

Defendant.
______________________________________/

**ORDER**

Before the Court is *pro se* Defendant Nino Joseph Ruisi III's Motion for Sanctions against Plaintiff Horseplay Inflatables, LLC, and its counsel, The Carlin Law Firm, PLLC. (Doc. 58). Plaintiff responded in opposition. (Doc. 59). Upon careful consideration, Defendant's Motion is **DENIED**.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 11, an attorney or unrepresented party who files a pleading in federal court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information.

Fed. R. Civ. P. 11(b). Sanctions may be awarded under Rule 11: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003) (citation omitted).

**DISCUSSION**

After filing the present case before the Court on December 19, 2025 (Doc. 2), Plaintiff filed two motions seeking preliminary injunction relief. (Docs. 15, 55). Defendant takes issue with Plaintiff's renewed motion for preliminary injunction. (Doc. 55). Defendant argues that Plaintiff had no good faith basis to bring the renewed injunction, and that Plaintiff has used the filing to harass Defendant. (Doc. 58).

In its Complaint, Plaintiff alleged federal question jurisdiction for violations of the Lanham Act (15 U.S.C. § 1125) and the Computer Fraud and Abuse Act (CFAA) (18 U.S.C. § 1030), and additionally brought a host of state law claims under supplemental jurisdiction as follows: common law trademark infringement, common law unfair competition, defamation *per se*, trade libel, tortious interference

with existing business relationship, violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), and violation of the Florida Computer Abuse and Data Recovery Act (CADRA). (Doc. 2 at 10–29).

On March 6, 2026, Plaintiff moved for a temporary restraining order and preliminary injunction under Counts One, Two, Three, and Seven, seeking to enjoin Defendant from continued use of any confusingly similar trade name. (Doc. 15). On May 26, 2026, following a hearing with the parties, the Court denied Plaintiff's motion. (Doc. 54). In doing so, the Court found that Plaintiff could not demonstrate irreparable harm or substantial likelihood of success on the merits. (*Id.* at 4–12).

On July 15, 2026, Plaintiff filed a Renewed Motion for Preliminary Injunction or, in the Alternative, Reconsideration of the Court's (Doc. 54) Order. (Doc. 55). The Court denied Plaintiff's Renewed Motion for Preliminary Injunction, construing the motion as one for reconsideration. (Doc. 57).

Defendant argues that Plaintiff had no good faith basis to bring the renewed injunction, and that Plaintiff has used the filing to harass Defendant. (Doc. 58). Plaintiff responds that the motion was filed in good faith. (Doc. 59). Specifically, Plaintiff states that Defendant fails to provide any evidence of harassment or bad faith behind the renewed motion for injunction, which also did not vexatiously multiply the proceedings. (*See id.* at 3–4).

In evaluating a motion for sanctions under Rule 11, the Court performs a two-part inquiry: "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they

were frivolous." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). "Rule 11 is intended to deter claims with ***no*** factual or legal basis ***at all***." *Davis v. Carl*, 906 F.2d 533, 538 (11th Cir. 1990) (emphasis added). In other words, sanctions are appropriate only where there is "deliberate indifference to obvious facts," not where the party merely used "poor judgment in pursuing their allegations." *Davis*, 906 F.2d at 537.

Applying these standards here, the Court finds that Plaintiff's renewed motion was neither filed for an improper purpose nor objectively frivolous. First, neither the record nor Defendant's Motion for Sanctions provides adequate proof that the renewed motion for injunction had the purpose of harassing Defendant. Although the Court denied Plaintiff's motion, the record shows that Plaintiff and his counsel were pursuing reconsideration based on proposed new evidence. Accordingly, the Court finds it was not filed for an improper purpose. Second, because Plaintiff and his counsel "advanced a tenable or plausible legal position such that the claim[s] [were] not completely and utterly baseless," the Court cannot find that the renewed motion for injunction is objectively frivolous. *See Benavides v. Mia. Atlanta Airfreight, Inc.*, 612 F. Supp. 2d 1236, 1240 (S.D. Fla. 2008).

## CONCLUSION

Accordingly, Defendant's Motion for Sanctions (Doc. 58) is **DENIED**. The Court is hopeful that the parties can resolve the underlying dispute without further judicial intervention.

**ORDERED** in Tampa, Florida, on November 23, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE